# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VOLUMETRICS MEDICAL IMAGING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA AMERICA MEDICAL SYSTEMS INC. and SIEMENS MEDICAL SOLUTIONS USA, INC., <br><br> Defendants. | 1:05CV955 |

**MEMORANDUM OPINION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on two separate Motions to File Documents under Seal filed by Plaintiff Volumetrics Medical Imaging, LLC. (Docket Entries 481, 490.) For the reasons that follow, Plaintiff's motions to seal will be granted.

## Discussion

Plaintiff brings the instant motions asking the Court to seal (1) portions of Exhibits A and B to Plaintiff's Notice of Supplemental Claim Charts in Light of Claim Construction Order (Docket Entries 478-1, 478-2); and (2) portions of Exhibit 1 to Plaintiff's proposed Reply in Support of Plaintiff's Fed. R. Civ. P. 72(a) Objections to Magistrate Judge's Orders of June 29, 2011 (D.E. 432) and December 30, 2011 (D.E. 466) (Docket Entry 488-1 at 7-75). (See Docket Entry 482 at 1; Docket Entry 491 at 1.) Plaintiff has provided both redacted (Docket Entries 478-1, 478-2,

488-1 at 7-75) and unredacted (Docket Entries 479, 480, 489) versions of all exhibits for the Court's review.

This Court previously issued a Memorandum Opinion and Order (Docket Entry 466), which, after laying out the applicable standard for sealing (see id. at 9-18), permitted Plaintiff to file ten documents under seal. The Court found that said documents "reflect important intellectual property of [Plaintiff]" (id. at 20 (citation and internal quotation marks omitted)) and, even to the extent a First Amendment right of access attaches, "the interest in protecting [Plaintiff] from unfair competitive disadvantage warrants sealing of said material." (Id.) A portion of the material Plaintiff now wishes to file under seal consists of excerpts from those ten documents, and, therefore, in accordance with this Court's previous Memorandum Opinion and Order, the filing of said material under seal remains appropriate.

The remaining information Plaintiff seeks to file under seal is excerpted from the following documents: (1) Scan Converter I/O Board Rev. 1.0 Schematic; (2) Video Board Specification; (3) Doppler Board Specification for Board Revision DOP 1.00 (Issue 6); (4) RX Processor Board Specification; and (5) Detector Board Specification. (See Docket Entry 482 at 2; Docket Entry 491 at 2.) The Court has reviewed the information Plaintiff desires to file under seal, and application of the appropriate standard, as that standard is discussed in this Court's previous Order (see Docket

Entry 466 at 9-18), reveals that sealing of the material excerpted from the above-referenced documents is appropriate.

The Court notes initially that the information Plaintiff currently seeks to file under seal is highly technical, and like the ten documents this Court previously permitted to be kept private, "reflect[s] important intellectual property of [Plaintiff]." (Id. at 20 (citation and internal quotation marks omitted).) Accordingly, even to the extent a First Amendment right of access attaches, "the interest in protecting [Plaintiff] from unfair competitive disadvantage warrants sealing of said material." (Id.) Furthermore, as the instant motions have been publicly docketed since February 3, 2012, and February 13, 2012, respectively (see Docket Entries 481, 490), and the information sought to be filed under seal is either identical to or of the same nature as the information which Plaintiff moved to file under seal by way of its previous motion publicly docketed since July 18, 2011 (see Docket Entry 443), the public notice element of the Fourth Circuit's sealing regimen has been satisfied.[1] Finally, the Court notes that Plaintiff complied with the Supplemental Protective Order in effect in this case by redacting certain sensitive information from the exhibits at issue rather than attempting to file entire documents under seal. (See Docket Entry 74 at 2-3.)

---

[1] The docketing of a motion to seal can satisfy the "public notice" element of the "procedural" portion of the Fourth Circuit's sealing standard. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988).

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to File Documents under Seal (Docket Entries 481, 490) are **GRANTED.**

<pre>
                          /s/ L. Patrick Auld
                          <b>L. Patrick Auld
                    United States Magistrate Judge</b>
</pre>

Date:  February 16, 2012